UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **DARRICK WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No.: 13-2244-CSB-DGB |
| | ) |
| **PATRICK QUINN, S.A. GODINEZ,** | ) |
| **J. MONTGOMERY, KEITH ANGLIN,** | ) |
| **VICTOR CALLOWAY, MARY MILLER, and** | ) |
| **R. JAKUBOWSKI,** | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW OPINION

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Darrick Williams' claims and on his motion for appointment of counsel.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that

1

is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Williams has filed the instant suit under 42 U.S.C. § 1983 against various Defendants alleging a violation of his Eighth Amendment right to be free from cruel and unusual punishment. Williams alleges a litany of wrongs committed by the named Defendants that began when he and ninety-nine other inmates housed at the Danville Correctional Center were removed from their cells and were placed in the Center's gymnasium due to overcrowding.

The United States Supreme Court has made clear that "[t]he Eighth Amendment does not outlaw cruel and unusual 'conditions;' it outlaws cruel and unusual 'punishments.'" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This means that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as an infliction of punishment." *Id.* at 838. Accordingly, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane

conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

This type of deliberate indifference "implies at a minimum actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Frazen*, 780 F.2d 645, 653 (7th Cir. 1985). "[M]ere negligence or even gross negligence does not constitute deliberate indifference," *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996), and it is not enough to show that a prison official merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995), *abrogated on other grounds, Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Williams has sufficiently alleged a claim against Defendants S.A. Godinez, J. Montgomery, Keith Anglin, and Victor Calloway for violating his Eighth Amendment rights based upon the conditions of his confinement. Williams alleged squalid and unsanitary conditions that caused him direct harm. Williams also alleged that each of these Defendants were personally aware of the conditions as they each visited the Danville Correctional Center, they each had discussions regarding the conditions, and (giving the Complaint the liberal reading that it must), and they each bore some responsibility for the conditions. *Budd v. Motley*, 711 F.3d 840, 843 (7th Cir. 2012)(holding that a conditions of confinement claim generally requires a factual development of the record).

However, the Court finds that Williams' Complaint fails to state a cause of action against Defendants Patrick Quinn, Mary Miller, and R. Jakubowski because these Defendants lack the personal responsibility necessary to hold them liable under § 1983. As for Governor Quinn, the

mere fact that he may be generally aware of prison overcrowding and that he is the head of the State's executive branch is insufficient to hold him liable for Williams' conditions of confinement claim. *Carrea v. California*, 2009 WL 1770130, * 5-6 (C.D. Cal. June 18, 2009) (holding that the governor could not be held liable under § 1983 for inadequate medical care of inmates just because high profile litigation and news reports existed regarding the prison medical system and care in California).

Similarly, Mary Miller and R. Jakubowski cannot be held personally liable either. "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)(quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)). The Seventh Circuit has explained that the doctrine of *respondeat superior* (a doctrine whereby a supervisor may be held liable for an employee's actions) has no application to § 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). Instead, in order for a supervisor to be held liable under § 1983 for the actions of his subordinates, the supervisor must "approve[] of the conduct and the basis for it." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)("An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent.")(internal quotation omitted). "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois*, 662 F.3d 866, 870 (7th Cir. 2011) (quoting *Chavez*, 251 F.3d at 651)). "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Gentry*, 65 F.3d at 561.

Williams has alleged that Miller and Jakubowski were aware of the conditions, but he has not alleged that they were responsible for the conditions or that they possessed the authority to do anything about changing the conditions. In other words, neither Miller nor Jakubowski's conduct can reasonably be said to have caused Williams any constitutional deprivation. *Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001)(noting that the warden is the proper defendant to answer for conditions of confinement claims). Accordingly, the Court dismisses Quinn, Miller, and Jakubowski as party Defendants.

Three other items deserve the Court's attention. *First*, Williams has sued Defendants in their individual and official capacities. However, Williams has been released from the IDOC's custody. Therefore, Williams is not entitled to any injunctive relief, and his official capacity claim is dismissed. *Thompson v. Stapleton*, 2010 WL 5135391, * 1 (6th Cir. Dec. 15, 2010).

*Second*, Williams' Complaint contains numerous allegations of wrongs allegedly committed by prison officials against other prisoners. Williams even asks the Court to certify this matter as a class action. The Court declines to certify this matter as a class action because Williams has not satisfied the required under Federal Rule of Civil Procedure 23 for maintaining this case as a class action.

In order to maintain a class action under Rule 23, a would-be class must first meet "the prerequisites of numerosity, commonality, typicality, and adequacy of representation . . . ." *General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 156 (1982).[1] "All of these

---

[1] Rule 23(a) provides: "(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Once the litigant meets the four conjunctive requirements of 23(a), a class action must also qualify under one of the three subsections of 23(b)." *Id*.

elements are prerequisites to certification; failure to meet any one of them precludes certification as a class." *Retired Chicago Police Ass'n v. City of Chicago,* 7 F.3d 584, 596 (7th Cir. 1993). "[T]he party seeking class certification assumes the burden of demonstrating that certification is appropriate." *Id.*

When determining whether to certify a class, a court is prohibited from considering the merits of the underlying claim. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177 (1974). Nevertheless, "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action," accordingly, "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Falcon,* 457 U.S. at 160.

Here, the Court need only look at the adequacy of representation claim in order to deny class certification. Williams cannot be an adequate class representative because he has been released from IDOC custody. Thus, he can no longer be heard to complain about the unconstitutional conditions at the Danville Correctional Center.[2] *Arreola v. Godinez*, 546 F.3d 788, 799 (7th Cir. 2008)(holding that an inmate who sought class certification based upon a jail's refusal to allow crutches in the jail failed to establish adequacy of representation because he was no longer at the jail and the likelihood that he will return and will again need crutches is too speculative to support an injunction).

*Third*, Williams' motion for appointment of counsel is denied. The Court does not possess the authority to require an attorney to accept *pro bono* appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court can do is to

---

[2] Even if the Court were to consider Williams request to certify this as a class action for purposes of damages, the Court would decline his invitation because there would be no commonality of claims, at least not as alleged by Williams, and he has not satisfied any of Rule 23(b)'s requirements.

ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)(holding that it is a "fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court.").

In determining whether the Court should attempt to find an attorney to voluntarily take a case, "the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself. . . . The question is whether the plaintiff appears competent to *litigate* his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis in original). In other words, this inquiry is an individualized one based upon the record as a whole, the nature of the claims, and the plaintiff's ability to pursue his claims through all phases of the case, including discovery and trial. *Navejar v. Iyioloa*, 718 F.3d 692, 696 (7th Cir. 2013).

Here, Williams appears to be literate and has filed cogent pleadings with the Court. He has filed a Complaint that survived this Court's merit review under 28 U.S.C. § 1915A. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant." *Pruitt*, 503 F.3d at 655 (internal quotations omitted). Williams' claim is not so novel or complex that he cannot litigate it himself. Williams has personal knowledge of the facts supporting his claims and appears cable of cross-examining Defendants regarding their version of the events. *Johnson v.* Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006).

Notably, Plaintiff has recently been released from IDOC's custody and his release should make it easier to find counsel to represent him on his own should he desire to do so.

Accordingly, the Court finds that, based upon the current record, Williams appears competent to litigate this case himself, and his motion is denied.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's motion for appointment of counsel [5] is DENIED.

2. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim under the Eighth Amendment against Defendants S.A. Godinez, J. Montgomery, Keith Anglin, and Victor Calloway based upon the alleged unconstitutional conditions of his confinement. This case proceeds solely on the claim identified in this paragraph. Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. The Court finds that Plaintiff's Complaint against Defendants Quinn, Miller, and Jakubowski fails to state a cause of action upon which relief can be granted, and the Clerk of Court is directed to dismiss these Defendants from this case.

4. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendants by mailing them a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may

file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6. If a Defendant no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

8. Once counsel has appeared for Defendants, Plaintiff need not send copies of his filings to Defendants or to Defendants' counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff. Counsel for Defendants shall arrange the time for the deposition.

10. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**It is further ordered that the Clerk is directed to: 1) attempt service on Defendants Godinez, Montgomery, Anglin, and Calloway pursuant to the Court's standard procedures; 2) set an internal Court deadline 60 days from the date of the entry of this Order for the Court to check on the status of service and to enter scheduling deadlines; 3) dismiss Plaintiff's official capacity claim against all Defendants; 4) dismiss Defendants Quinn, Miller, and Jakubowski as party Defendants; and 5) show Plaintiff's motion for appointment of counsel [5] as DENIED.**

**Lastly, it is ordered that if a Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

Entered this 19th day of May 2014.

　　　　　　　　　　　　　　　　　　　　　/s Colin S. Bruce
　　　　　　　　　　　　　　　　　　　　COLIN S. BRUCE
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE